UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Christopher Kleist,

        Plaintiff,      Case No. 19-12083

v.

Esurance Property and Casualty Insurance Company,    Judith E. Levy

                       United States District Judge

        Defendant.

                       Mag. Judge Elizabeth A. Stafford

_____/

**OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ORDERING FURTHER FILING [20]**

This is a dispute over payment of auto accident insurance benefits. Before the Court is Defendant Esurance Property and Casualty Insurance Company's ("Esurance") motion for summary judgment. (ECF No. 20.). For the reasons set forth below, Defendant's motion is GRANTED IN PART and the remainder of the decision is deferred pending further briefing.

I.   Background

On April 25, 2018, Plaintiff was injured in a car accident (the "Accident") in Macomb County, Michigan. (*See* ECF No. 1-1, PageID.11;

*see also* ECF No. 20, PageID.139.) Plaintiff was driving at approximately seventy miles per hour when a van hit the side of his car. (*See* ECF No. 20-10; ECF No. 20-13.) Plaintiff lost control of his vehicle after the collision, striking the center median wall, and crossing all lanes of traffic into a ditch. (*See* ECF No. 20-10, PageID.386.) An airbag deployed in his car, which was eventually towed. (*See id.*) Plaintiff's mother drove him to the emergency room the day of the accident (*See* ECF No. 20-13, PageID.402); a toxicology screen contained in his emergency room records indicates that he had THC, cocaine, and opiates in his system, as well as a blood alcohol content of .34. (*See id.*, PageID.403.)

Plaintiff had a no-fault automobile insurance policy (the "Policy") at the time of the Accident. The Policy provided no-fault or Personal Injury Protection ("PIP") benefits requiring that Defendant pay "all reasonable and necessary no-fault benefits, including but not limited to medical benefits, attendant care and household replacement services benefits and medical transportation expense benefits in the event [Plaintiff] was injured in an automobile collision." (ECF No. 1-1, PageID.11.)

2

As a result of the Accident, Plaintiff asserts that he needed extensive medical treatment for his neck and back as well as various household services. Esurance paid some of these claims and declined to pay others. (*See* ECF No. 20, PageID.130, 140–41.) Plaintiff has assigned some of his rights to payment for these services to these providers: Michigan Head & Spine Institute, Central Home Health Care, and Premier Surgical Center (hereinafter, jointly "the Providers").[1] (ECF No. 20, PageID.141, 157; *see also* ECF No. 22-7, PageID.545–46.)

Plaintiff initially filed this complaint in Wayne County Circuit Court, alleging that Defendant Esurance and Allstate Insurance Company ("Allstate") breached their insurance contract with Plaintiff by wrongfully denying Plaintiff payment of "certain no-fault benefits." (ECF No. 1, PageID.2; *see also* ECF No. 1-1, PageID.12.) Plaintiff seeks payment for these outstanding, unpaid, no-fault benefits against Defendant with costs, interest, and attorney fees. (See ECF No. 1-1, PageID.13.) Esurance answered with affirmative defenses, including fraud. (ECF No. 1-1.) Specifically, Defendant alleges that Plaintiff

---

[1] All three providers have filed lawsuits for payment from Defendant. (*See* ECF No. 20-9.)

3

received excessive treatment and that Plaintiff did not receive all of the services for which he seeks payment. (*See id.* at PageID.28–32).

Defendant timely removed the case to this Court on July 15, 2019 on the basis of diversity jurisdiction. (*See* ECF No. 1.) Shortly thereafter, Plaintiff voluntarily dismissed Allstate. (*See* ECF No. 7, PageID.76.)

Defendant filed this motion for summary judgment on August 5, 2020 (*see* ECF No. 20), arguing that the complaint should be dismissed because of Plaintiff's purported fraud, which is conduct that the Policy and common law prohibit. (*See* ECF No. 20, PageID.149–156.) In the alternative, Defendant seeks to exclude payment of benefits to Plaintiff that he previously assigned. (*See* ECF No. 20, PageID.156–57.) Defendant supplements its motion with surveillance logs showing Plaintiff lifting a flat-screen television and dragging garbage cans on days when he claimed he required home-attendant services related to the Accident so that he could engage in activities of daily living. (*See* ECF Nos. 20-3, 20-6.) Further, Defendant includes documents in which Plaintiff assigned his claims to the Providers. (*See* ECF No. 20-9.)

Plaintiff opposes Defendant's motion, arguing that under *Meemic Ins. Co. v. Fortson*, 506 Mich. 287, *reh'g denied*, 506 Mich. 912 (2020), no-

4

fault insurance liability defenses are limited to common law defenses and defenses listed within the statute. (*See* ECF No. 22-7, PageID.541–43) Plaintiff argues that the anti-fraud clauses within the Policy are unenforceable because Michigan case law does not allow for recission of the Policy, even where fraud occurs. (*See id.*) Plaintiff concedes that he has assigned his claims to the Providers and "has no standing to pursue [those claims]." (ECF No. 22-7,[2] PageID.545–46.) In reply, Defendant reiterates that Plaintiff committed fraud and disputes Plaintiff's interpretation of *Meemic*, 506 Mich. at 287. (*See* ECF No. 23, PageID.553–54.)

## II.  Legal Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all

---

[2] Plaintiff incorrectly filed his supporting brief as a series of attachments to his response to the Motion rather than a single document. (*See* ECF Nos. 22-1, 22-2, 22-3, 22-7.)

facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.,* 305 F.3d 520, 526 (6th Cir. 2002)).

### III. Analysis

Plaintiff alleges that Defendant violated Michigan state law by, among other things, "unreasonably refus[ing] to pay certain claimed no-fault benefits." (ECF No. 2-1, PageID.46.) Plaintiff does not specify the unpaid claims for which he seeks a judgment in this case. Spreadsheets filed with the notice of removal indicate that Defendant did not pay several of Plaintiff's no-fault claims purportedly related to the Accident. (*See* ECF No. 2-1, PageID.51–53.) Defendant disputes liability for all of the unpaid claims. Regardless of its liability for any outstanding benefits payments, Defendant argues that because Plaintiff assigned claims to the Providers, he is not entitled to payments for services given by these Providers. (*See* ECF No. 20, PageID.132, 141, 156–57; *see also* ECF No. 20-9.)

In response to Defendant's motion for summary judgment, Plaintiff characterizes the assignment of the claims to the Providers as

6

"undisputed." (*See* ECF No. 22-7, PageID.545.) Defendant filed Plaintiff's claim assignments and notices of pending lawsuits for those claims. (*See* ECF No. 20-9.) Indeed, Plaintiff admits "by the very nature of the assignments[]" he has no "legal standing" to demand payment for the assigned benefits. (ECF No. 22-7, PageID.545–46.) No party submits evidence that these assignments are invalid.

The parties agree that Plaintiff assigned the claims from the Providers. Where, as here, a federal court has diversity jurisdiction over an insurance contract, it must apply the substantive law of the forum state. *See, e.g.*, *Talley v. State Farm Fire & Cas. Co.*, 223 F.3d 323, 326 (6th Cir. 2000). In this case, the forum state is Michigan. Under Michigan law, "after execution of the assignment, *only* the assignee may enforce the acquired rights." *Michigan Pain Mgmt. v. Am. Country Ins. Co.*, No. 345932, 2020 WL 113944, at *3 (Mich. Ct. App. Jan. 9, 2020) (emphasis added). Therefore, Plaintiff cannot assert any right he has already assigned. Here, there is no genuine dispute that Plaintiff assigned his rights to payment to the Providers. Accordingly, the Court grants Defendant summary judgment with respect to these claims.

Additionally, the parties failed to specify the scope of the payments in controversy in this case. It is also unclear from the record which benefits payments Defendant denied for Plaintiff's care. Accordingly, the Court orders Plaintiff to file a notice that specifies with particularity the disputed benefits payments still at issue in this case. Pending this filing, the Court denies, without prejudice, the remainder of Defendant's motion for summary judgment. Upon receipt of this submission the Court will consider all of Defendant's arguments in support of its motion.

## IV. Conclusion

For the reasons set forth, Defendant's motion for summary judgment (ECF No. 20) is GRANTED IN PART. Plaintiff's claims for breach of contract from Defendant for treatment provided by Central Home Health Care, Premier Surgical Center, and Michigan Head & Spine Institute are DISMISSED. By October 15, 2021, Plaintiff must file a notice clarifying benefits payments that are in dispute in this case.

IT IS SO ORDERED.

Dated: September 17, 2021       s/Judith E. Levy  
Ann Arbor, Michigan              JUDITH E. LEVY  
                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 17, 2021.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
